**SUPPRESSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. *14-30110-DRH* |
| vs. | ) |
| | ) Title 18, United States Code |
| JODY RAY WOOTERS, | ) Section 1347 |
| | ) |
| Defendant, | ) |

**FILED**

JUN 0 3 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**INDICTMENT**

**THE GRAND JURY CHARGES:**

1.  **JODY RAY WOOTERS** defrauded the State of Illinois Medicaid Home Services program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary. The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

2.  The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home. The Illinois Department of Human Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3.  On August 20, 2008, **WOOTERS** completed an Employment Agreement between Customer and Personal Assistant with a qualified Medicaid beneficiary.

4.  On June 1, 2012, **WOOTERS** signed a DHS Division of Rehabilitation Services (DORS) Individual Provider Payment Policies form (IL488-2252) acknowledging his understanding of DORS Home Services policies including:

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

- *Individual Providers can only be paid for hours and tasks performed in the customer's home unless the task must be completed outside the home such as laundry due to no facilities in the home, banking, and grocery shopping.*

- *Individual Providers cannot work if the customer is out of the home, i.e. in a nursing facility, hospitalized, on vacation, etc. However, there are some exceptions that are allowable, such as the counselor gives prior approval and the request meets the policy guidelines. Please contact the counselor to address any questions before risking non-payment of services provided.*

- *Individual Providers are not allowed to subcontract. Subcontracting means letting someone else work in your place, putting the time on your time sheet and then paying them yourself. This is not only an illegal practice but also causes problems with Social Security withholding. Each Individual Provider will only be paid for services which he or she provided directly to the customer.*

5.  From on or about September 1, 2008 through on or about December 15, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois,

2

**WOOTERS** submitted Home Services Time Sheets of which he falsely claimed over 6,000 personal assistant services that were not performed on the dates and times as reported on the Home Services Time Sheets.

6. From on or about October 1, 2008 through on or about October 16, 2008, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **WOOTERS** submitted Home Services Time Sheets of which he falsely claimed 22 hours of personal assistant services that were not performed due to the customer being in the hospital. **WOOTERS** signed each time sheet under the following printed statement:

> *I CERTIFY THE ABOVE INFORMATION IS TRUE AND THAT THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

7. On or about November 1, 2008, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **WOOTERS** submitted a Home Services Time Sheet of which he falsely claimed 11 hours of personal assistant services that were not performed due to the customer being in the hospital. **WOOTERS** signed the time sheet under the following printed statement:

> *I CERTIFY THE ABOVE INFORMATION IS TRUE AND THAT THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

8. On or about April 16, 2009, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **WOOTERS** submitted a Home Services Time Sheet of which he falsely claimed 12 hours of personal assistant services that were not performed due to the

3

customer being in the hospital. **WOOTERS** signed the time sheet under the following printed statement:

> *I CERTIFY THE ABOVE INFORMATION IS TRUE AND THAT THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

9. On or about May 16, 2011, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **WOOTERS** submitted a Home Services Time Sheet of which he falsely claimed 5 hours of personal assistant services that were not performed due to the customer being in the hospital. **WOOTERS** signed the time sheet under the following printed statement:

> *I CERTIFY THE ABOVE INFORMATION IS TRUE AND THAT THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

10. On or about July 1, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **WOOTERS** submitted a Home Services Program Time Sheet of which he falsely claimed 15 hours of personal assistant services that were not performed due to the customer being in the hospital. **WOOTERS** signed the time sheet under the following printed statement:

> *I certify the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

11. On or about October 1, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **WOOTERS** submitted a Home Services Program Time Sheet of which he falsely claimed 9 hours of personal assistant services that were not performed on the dates and times reported. **WOOTERS** signed the time sheet under the following printed statement:

> *I certify the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

## COUNT 1
### Health Care Fraud

12. Paragraphs 1 through 10 are re-alleged and incorporated in Count 1.

13. On or about September 1, 2008 through on or about December 15, 2013, in Marion County, within the Southern District of Illinois,

### JODY RAY WOOTERS,

defendant, did knowingly and willfully execute a scheme to defraud a health care benefit program, namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed on the dates and times as reported on the Home Services Time Sheets, in violation of Title 18, United States Code, Section 1347.

**A TRUE BILL**

_____
RANLEY R. KILLIAN
Assistant United States Attorney
MICHAEL J. HALLOCK
Assistant United States Attorney

_____
STEPHEN R. WIGGINTON
United States Attorney

Recommended Bond:  $10,000 unsecured